UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Cause No. 1:09-cv-475-WTL-TAB |
| HARLEY DAVIDSON CREDIT CORPORATION d/b/a EAGLEMARK, | ) ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on Defendant's Motion for Partial Summary Judgment (Docket No. 29). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476

F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

This case arises from the now infamous Marcus Schrenker airplane crash.[1] Harley Davidson Credit Corporation ("Harley Davidson") issued Heritage Wealth Management ("Heritage") a loan to buy a 2002 Piper airplane ("Plane"). As a result of this loan, Harley Davidson acquired a lien on the Plane. U.S. Specialty Insurance Company ("U.S. Specialty") insured the Plane under policy number GA00146949-04. This policy identifies Schrenker as the pilot permitted to fly the Plane. Harley Davidson is listed as a lienholder with an interest in the Plane. After the January 11, 2009, crash, Harley Davidson demanded payment from U.S. Specialty. U.S. Specialty denied Harley Davidson's claim on the grounds that Schrenker's purposeful destruction of the Plane "constituted a conversion under the [insurance] policy." (Compl. ¶ 26). U.S. Specialty asserts that as a result of Schrenker's conversion, it has no obligation to provide coverage to Harley Davidson under the insurance policy, which includes a Lienholder's Interest (Def.'s Ex. A-2) and a Lienholder's Interest Extension (Def.'s Ex. A-3).[2]

---

[1] On January 11, 2009, Schrenker faked his own death by parachuting from an airplane. The unmanned plane crashed in Florida. (Compl. ¶ 11). On June 5, 2009, Schrenker plead guilty to communicating a false distress message in violation of 14 U.S.C. § 88(c) and willfully destroying an aircraft in violation of 18 U.S.C. § 32(a)(1). *U.S.A. v. Schrenker*, No. 3:09-cr-11-RV-1 (N.D. Fla. June 5, 2009). In August, Schrenker was sentenced to 51 months in prison. *Id.*

[2] The parties agree that the Lienholder's Interest and the Lienholder's Interest Extension contain the same operative language. Thus, the Court shall use the term "Lienholder's Interest" to refer to both clauses.

U.S. Specialty filed a declaratory judgment action against Heritage and Harley Davidson requesting that the Court enter judgment in its favor.[3]

### III.  DISCUSSION

It has long been held that "the proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for summary judgment." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind. 1997) (citing *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind. 1992)).  Ambiguities are "not established by the mere existence of a controversy or by the parties' differing interpretations of the contract terms."  *Ramirez v. American Family Mut. Ins. Co.*, 652 N.E.2d 511, 514 (Ind. Ct. App. 1995) (citation omitted).  A clear and unambiguous insurance policy is "given its plain and ordinary meaning."  *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985) (citation omitted), *cert. denied* 479 U.S. 1060 (1987).  Thus, "[i]n order to apply the rules of construction favoring the non-drafter of insurance contract terms, the language must be ambiguous or of doubtful meaning."  *Id.*  If a policy is ambiguous – that is, "if reasonable persons may honestly differ as to the meaning of the policy language," *id.* at 470 – then the Court construes the contract in favor of the insured.  *See Taylor v. American Underwriters, Inc.*, 352 N.E.2d 86, 89 (Ind. Ct. App. 1976).

In the instant case, Harley Davidson argues that the language of the Lienholder's Interest is ambiguous.  The first paragraph of this clause states: "This endorsement extends your coverage . . . even if coverage is otherwise invalidated by any act or neglect."  (Def.'s Ex. A-2). On the very same page, an exclusion in paragraph six states: "We will not pay any claim by

---

[3] On June 24, 2009, in response to U.S. Specialty's motion, the Court entered Default Judgment against Heritage.  Accordingly, Heritage is no longer a party to this action.

anyone if you or anyone you permit to fly your aircraft embezzles, converts or secretes the aircraft or if there has been a change in title or ownership." (*Id.* ¶ 6). These paragraphs are inconsistent – initially the clause indicates that Harley Davidson is covered even if Heritage is not. However, mere paragraphs later, U.S. Specialty states that Harley Davidson is <u>not</u> covered if Heritage takes certain actions. Indiana courts have held that "if the plain and ordinary meaning 'would lead to some absurdity, or some repugnance or *inconsistency with the rest of the instrument*,' then 'the grammatical and ordinary sense of the words must be modified, so as to avoid that absurdity and inconsistency, but *no further*.'" *USA Life One Ins. Co. of Ind. v. Nuckolls*, 628 N.E.2d 534, 539 (Ind. 1997) (quoting *Haworth v. Hubbard*, 44 N.E.2d 967, 968 (Ind. 1942) (first emphasis added)). Given the inconsistency between the two paragraphs, the Court finds the Lienholder's Interest clause to be ambiguous. Accordingly, the Court shall apply the rules of construction and interpret the Lienholder's Interest clause.

Courts construe ambiguous insurance contracts in favor of the insured. *See Taylor*, 352 N.E.2d at 89. In addition, as the court noted in *Wells v. Auto Owners Ins. Co.*, 864 N.E.2d 356, 358 (Ind. Ct. App. 2007), "all exceptions, limitations, and exclusions must be plainly expressed." It is the insurer's responsibility to "clearly and unmistakably express the particular act or omission that will bring the exclusion into play." *Id*. In the instant case, construing the language of the Lienholder's Interest clause in favor of the insured, Harley Davidson renders the exclusion of paragraph six ineffective. Therefore, Harley Davidson is covered under the Lienholder's Interest clause.

## **CONCLUSION**

Accordingly, for the reasons stated herein, Defendant's Motion for Partial Summary

Judgment (Docket No. 29) is **GRANTED**.

SO ORDERED: 12/02/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

A. Richard Blaiklock
Lewis & Wagner LLP
rblaiklock@lewiswagner.com

Larry S. Kaplan
Kaplan, von Ohlen & Massamillo, LLC
lkaplan@kmalawfirm.com

Geoffrey C. Lambert
Lewis & Wagner LLP
glambert@lewiswagner.com

Michael Brian Langford
Scopelitis Garvin Light & Hanson
mlangford@scopelitis.com

Susan J. Russell
Kaplan, Massamillo & Andrews, LLC
srussell@kmalawfirm.com

John Carl Trimble
Lewis & Wagner LLP
jtrimble@lewiswagner.com